# EXHIBIT A

**Wolters Kluwer**

<div align="right">

**CT Corporation**
**Service of Process Notification**
06/29/2022
CT Log Number 541834314

</div>

## Service of Process Transmittal Summary

**TO:**     Lillian Caudle
Mercedes-Benz Usa, LLC
ONE MERCEDES-BENZ DRIVE
SANDY SPRINGS, GA 30328-4312

**RE:**     **Process Served in California**

**FOR:**    Mercedes-Benz USA, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Joseph Rakofsky // To: Mercedes-Benz USA, LLC |
| **DOCUMENT(S) SERVED:** | Summons, Notice, Cover Sheet, Instructions, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Monterey County - Superior Court, CA<br>Case # 22CV000577 |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - 2011 Mercedes-Benz ML350 BlueTEC |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/29/2022 at 01:51 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S)/SENDER(S):** | J.D. Cuzzolina<br>The Law Office of J.D Cuzzolina, Esq.<br>5753G Santa Ana Canyon Road #297<br>Anaheim Hills, CA 92807<br>(714) 610-9681 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/30/2022, Expected Purge Date: 07/10/2022 |
| | Image SOP |
| | Email Notification,  Madison Coker  mcoker@wwhgd.com |
| | Email Notification,  Jonathan Friedman  mbwarranty@wwhgd.com |
| | Email Notification,  Sherry Rosen  sherry.rosen@mbusa.com |
| | Email Notification,  Austin Ellis  austin.ellis@mbusa.com |
| | Email Notification,  Chad Peterson  chad.peterson@mbusa.com |
| | Email Notification,  Denise Mitchell  denise.mitchell@mbusa.com |
| | Email Notification,  Lillian Caudle  lillian.caudle@mbusa.com |
| | Email Notification,  Mark Johanson  mark.johanson@mbusa.com |
| | Email Notification,  Tiffany Moore  tiffany.t.moore@mbusa.com |



**CT Corporation**
**Service of Process Notification**
06/29/2022
CT Log Number 541834314

Email Notification,  Lance Arnott  sopverification@wolterskluwer.com

| | |
|---|---|
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |
| **REMARKS:** | Please note VIN is not available in the document |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Wed, Jun 29, 2022
**Server Name:**             Jimmy Lizama

| Entity Served | MERCEDES-BENZ USA, LLC |
|---|---|
| Case Number | 22CV000577 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>JOSEPH RAKOFSKY<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>MERCEDES-BENZ USA, LLC, DAIMLER AKTIENGESELLSCHAFT,<br>MERCEDES-BENZ OF MONTEREY, a California Corporation;<br>WIENIK BLEYENBERG; DEVON THOMPSON; and DOES 1 TO 10, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 3/2/2022 10:36 AM<br>By: Rowena Esquerra, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es:)* SUPERIOR COURT OF CALIFORNIA<br>MONTEREY COUNTY, 1200 Aguajito Rd, Monterey, CA 93940 | CASE NUMBER:<br>*(Número del Caso:)* **22CV000577** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
J.D. Cuzzolina, Esq., The Law Office of J.D Cuzzolina Esq., 5753G Santa Ana Canyon Road #297; 714.610.9681

| | | | |
|---|---|---|---|
| DATE: **3/2/2022**<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | **/s/ Rowena Esquerra** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* MERCEDES-BENZ USA, LLC

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov

| SUPERIOR COURT OF MONTEREY COUNTY<br>Monterey Branch, 1200 Aguajito Road, Monterey, CA 93940 | |
|---|---|
| Joseph  Rakofsky<br>vs.<br>Daimler Aktiengesellschaft, et al. | CASE NUMBER<br>22CV000577 |
| | Case Management Conference |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case is assigned for all purposes to the Honorable Vanessa W. Vallarta.**

Your civil case, excluding unlawful detainer and collections are a rotational assignment among three judicial officers:
        Judge Thomas W. Wills; Judge Carrie M. Panetta, Judge Vanessa W. Vallarta

Your provisionally complex case or "is complex" designation at case initiation are assigned ODD/EVEN by ending number among two judicial officers:     Judge Thomas W. Wills and Judge Carrie M. Panetta

This notice, which includes the Alternative Dispute Resolution (ADR) information packet (CI-127), <u>must</u> be served together with the Summons and Complaint or Petition pursuant to California Rule of Court 3.221. *Parties are required to follow the complex case instructions, case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court, all can be found on the court website at* www.monterey.courts.ca.gov.  A case management statement from each party or joint statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.

---

### Date: <u>July 12, 2022</u>     Time:<u>9:00 AM</u>     Department 13

### Location: <u>Monterey Courthouse, 1200 AGUAJITO ROAD, MONTEREY, CA 93940</u>

*Telephonic appearance, two days prior to the hearing, can be arranged directly through Court Call Service at 1-888-882-6878.  California Rule of Court 3.670. Authorization for telephone appearance <u>will not</u> be given on the day of the hearing.*

---

## COURT REPORTER INFORMATION

**Effective January 1, 2022**, Monterey County Superior Court will only be providing court reporter services in the following, statutorily-mandated case types:

1.  Death penalty proceedings under Penal Code §190.9;
2.  Juvenile proceedings not before a referee or commissioner under Welfare & Institutions Code §347 and §677;
3.  Felony cases under Code of Civil Procedure §269; and
4.  "Withdrawal of consent to adopt" proceedings under Family Code §9005.

---

### NOTICE OF ALL PURPOSE CASE ASSIGNMENT         [Rev. Nov 2021]

### (Civil)

For all other, non-statutorily-mandated cases, litigants who need court reporter services, and who are not entitled to a court-provided reporter due to indigency, will need to arrange for such services.

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial.  Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:

1.  To provide an effective and fair procedure for the timely disposition of civil cases;
2.  To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3.  To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

*Court proceedings are in English. If you or a witness in your case needs an interpreter, please complete Judicial Council form INT—300. **You must file INT-300 at the first floor clerks counter (or by e-file) 15\* business days prior to your hearing.***
*Los procedimientos judiciales son en inglés. Si usted o un testigo en su caso necesita un intérprete, complete el formulario INT-300 del Consejo Judicial. **Debe presentar el INT-300 con los empleados legales de la oficina del primer piso (o mediante archivo electrónico) 15\* días hábiles antes de su audiencia.***

---

### Alternative Dispute Resolution (CI-127) - (INFORMATION PACKET)
OPTIONS FOR RESOLVING YOUR DISPUTE
**There Are Alternatives to Going to Trial**
Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach an agreement.
**Advantages of ADR**
Here are some potential advantages of using ADR:
*   **Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.
*   **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.
*   **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**    [Rev. Nov 2021]

**(Civil)**

- **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.
- **Increase Satisfaction:** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.
- **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

## What Are the ADR Options?
The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

### Mediation
In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

### Arbitration
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.
Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.
**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.
**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

### Neutral Evaluation
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

<u>**Settlement Conference**</u>

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement
conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**        [Rev. Nov 2021]

**(Civil)**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| THE LAW OFFICE OF J.D. CUZZOLINA, ESQ.<br>J.D. CUZZOLINA, ESQ. (SBN 308818)<br>5753G SANTA ANA CANYON ROAD #297<br>ANAHEIM HILLS, CA 92807<br>TELEPHONE NO.: 714.610.9681   FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff, CONRAD & ASSOCIATES APC | **ELECTRONICALLY FILED BY**<br>Superior Court of California,<br>County of Monterey<br>On 3/2/2022 10:36 AM<br>By: Rowena Esquerra, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **MONTEREY**
STREET ADDRESS: 1200 Aguajito Rd
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: MONTEREY, 93940
BRANCH NAME: Superior Court of California Monterey Division

CASE NAME:
Rakofsky v. Mercedes Benz LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 22CV000577 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* One:Breach of Contract/ warranty
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 02, 2022
J.D. CUZZOLINA, ESQ.
_____
(TYPE OR PRINT NAME)

▶ *JAMES CUZZOLINA*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

1  J.D. CUZZOLINA, ESQ.  SBN 308818
2  THE LAW OFFICE OF J.D. CUZZOLINA, ESQ.
   5753G SANTA ANA CANYON RD#297
3  ANAHEIM HILLS, CA 92807
   TEL: (714) 610-9681
4  INFO@CUZZLAW.COM
5
   Attorneys for Plaintiff JOSEPH RAKOFSKY

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 3/2/2022 10:36 AM
By: Rowena Esquerra, Deputy

6

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                              **COUNTY OF MONTEREY**

10  JOSEPH RAKOFSKY,                     Case No.:  22CV000577

11              Plaintiff,

12  v.                                   COMPLAINT

13
    MERCEDES-BENZ USA, LLC,
14  DAIMLER AKTIENGESELLSCHAFT,
    MERCEDES-BENZ OF MONTEREY, a
15  California Corporation;
    WIENIK BLEYENBERG;
16  DEVON THOMPSON; and DOES 1 TO 10,
17
                Defendant(s).
18

19

20

21

22      Plaintiff   JOSEPH   RAKOFSKY   ("RAKOFSKY")   complains   against   Defendants
23  MERCEDES-BENZ USA, LLC, DAIMLER AKTIENGESELLSCHAFT (hereinafter referred
24  to as DAIMLER AG) MERCEDES-BENZ OF MONTEREY, WIENIK BLEYENBERG,
25  DEVON THOMPSON and JOHN DOES 1 TO 10, hereinafter referred to as Mercedes-Benz
26  Defendants inclusive as follows:
27
28  ///

LAW OFFICE OF J.D. CUZZOLINA, ESQ.
5753 G Santa Ana Canyon Road, #297 Anaheim Hills, Ca 92807
714.610.9681 | www.jdcuzzolinaesq.com

-1-

## PARTIES AND JURISDICTION

1) PLAINTIFF, JOSEPH RAKOFSKY ("RAKOFSKY"), at all times herein mentioned, is a natural person and a resident of the State of Florida.

2) DEFENDANT, MERCEDES-BENZ USA, LLC, a Limited Liability Company ("MBUSA"), is a Delaware limited liability company with its headquarters in Sandy Springs, Georgia. The company is a wholly-owned subsidiary of Daimler AG.

3) DEFENDANT, DAIMLER AKTIENGESELLSCHAFT (hereinafter referred to as "DAIMLER AG") is a publicly-held German corporation with its headquarters in Stuttgart, Germany.

4) DEFENDANT, MERCEDES-BENZ OF MONTEREY, is a California Corporation located at 498 Fremont Street, Monterey, CA 93940 in this judicial district.

5) DEFENDANT, WIENIK BLEYENBERG, is a natural person and is a resident of an unknown County in California.

6) DEFENDANT, DEVON THOMPSON is a natural person and is a resident of an unknown County in California.

7) PLAINTIFF is ignorant of the true names and capacity of DEFENDANTS sued herein as DOES 1 to 10, inclusive, and therefore sues these DEFENDANTS by such fictitious names. PLAINTIFF will amend this Complaint to allege their true names and capacities when the same are ascertained pursuant to CCP §474. PLAINTIFF is informed and believes, and based upon such information and belief, alleges that, at all times herein mentioned, DEFENDANTS DOES 1 to 10, inclusive, and each of them, were the agents and/or employees of DEFENDANTS, and each of them, and that said named DEFENDANTS, and said DEFENDANTS DOES 1 to 10, inclusive, were acting within the course and scope of said agency, service and employment.

8) The above DEFENDANTS, and each of them, are at all times the agents, or alter egos of each other DEFENDANT and are thus collectively referred to as the "DEFENDANTS."

///

///

LAW OFFICE OF J.D. CUZZOLINA, ESQ.
5753 G Santa Ana Canyon Road, #297 Anaheim Hills, Ca 92807
714.610.9681 | www.jdcuzzolinaesq.com

-2-

## **FACTS COMMON TO ALL CAUSES OF ACTION**

9) Plaintiff's 2011 Mercedes-Benz ML350 BlueTEC (hereinafter referred to as the "subject vehicle") required repair due to a broken turbo.

10) In or about January 2022, a Florida certified Mercedes-Benz repair facility performed the repair of the aforementioned broken turbo.

11) At this time, under the direction of Plaintiff, the Florida certified Mercedes-Benz repair facility purchased and installed a brand-new turbo, which was manufactured and sold by Defendants, Mercedes-Benz.

12) Accordingly, this brand-new turbo, manufactured and sold by Defendants, Mercedes-Benz, carried with it a warranty.

13) Plaintiff relied upon this warranty and, thereby, advised the Florida certified Mercedes-Benz repair facility to purchase and install the brand-new turbo.

14) On or about February 7, 2022, the subject vehicle became inoperable while in California, approximately three thousand miles away from the Florida certified Mercedes-Benz repair facility, which performed the repair of the subject vehicle.

15) After receiving the subject vehicle from the Florida certified Mercedes-Benz repair facility and prior to February 7, 2022, the subject vehicle did not present any problems.

16) On or about February 7, 2022, the subject vehicle was towed to and diagnosed by a California certified Mercedes-Benz repair facility, which is operated and owned by a Mercedes-Benz "Master Technician."

17) At that time, when the vehicle was towed to and delivered to the aforementioned certified Mercedes-Benz repair facility, no "check engine" warning (or any other fault codes) were present.

18) The California certified Mercedes-Benz repair facility, through its Mercedes-Benz "Master Technician," determined that the reason the vehicle became inoperable was because the turbo was broken.

19) On or about February 9, 2022, the subject vehicle was towed to Defendant, Mercedes-Benz of Monterey.

LAW OFFICE OF J.D. CUZZOLINA, ESQ.
5753 G Santa Ana Canyon Road, #297 Anaheim Hills, Ca 92807
714.610.9681 | www.jdcuzzolinaesq.com

LAW OFFICE OF J.D. CUZZOLINA, ESQ.
5753 G Santa Ana Canyon Road, #297 Anaheim Hills, Ca 92807
714.610.9681 | www.jdcuzzolinaesq.com

20) At that time, when it arrived at Defendant, Mercedes-Benz of Monterey, the subject vehicle was inoperable.

21) At that time, when it arrived at Defendant, Mercedes-Benz of Monterey, the "check engine" warning was present and was displayed on the dashboard.

22) Plaintiff does not know what changes were made to the vehicle, which caused the "check engine" warning to become present, while still in the possession of the California certified Mercedes-Benz repair facility.

23) On or about February 9, 2022, Plaintiff advised Defendant, Mercedes-Benz of Monterey, that there were two primary problems with the subject vehicle: 1) the turbo, which was purchased only approximately one month prior to the vehicle becoming inoperable, was defective despite the fact that it was a brand-new part, which was manufactured and sold by Defendants, Mercedes-Benz, and carried with it a full warranty against defects and 2) as a result of a previous Class Action lawsuit, Defendants were responsible for replacing parts, pursuant to the Settlement Agreement of such Class Action lawsuit.

24) On or about February 9, 2022, Plaintiff advised Defendant, Mercedes-Benz of Monterey, that, the California certified Mercedes-Benz repair facility, through its Mercedes-Benz "Master Technician," advised that the broken turbo constituted consequential damages, which flowed from the fundamental problem, which was the subject matter of the aforementioned Class Action lawsuit.

25) Nevertheless, Defendants rejected this information.

26) Further, Defendants expressly refused to perform any repairs on the subject vehicle until the automotive parts required in order to repair the Class Action-related repairs arrived first, notwithstanding Defendants were unable or unwilling to provide a date of arrival for the aforementioned automotive parts.

27) Thus, Defendants expressly refused to repair the defective turbo on the subject vehicle until the automotive parts required to effectuate the Class Action-related repairs arrived first, even though they admitted that they did not know when that would be.

///

28) This unnecessary delay exposed Plaintiff to substantial and significant additional damages, which could have been mitigated and should have been avoided by Defendants.

29) From February 9, 2022, until the filing of the instant lawsuit, Defendants, through Defendant, WIENIK BLEYENBERG, blamed Plaintiff and the Florida certified Mercedes-Benz repair facility, which performed the repair of the turbo, for the damage the subject vehicle sustained on or about February 7, 2022.

30) Moreover, Defendants attempted to conceal information related to the damage sustained by the subject vehicle from Plaintiff.

31) In fact, on or about February 22, 2022, at or about 1:23 P.M., Defendant, WIENIK BLEYENBERG, stated to the Florida certified Mercedes-Benz repair facility, "Please direct all communication to myself, not Joe [Plaintiff] from here on."

32) However, on or about February 23, 2022, Defendants, through Defendant, WIENIK BLEYENBERG, admitted that the turbo, which was purchased by the Florida certified Mercedes-Benz repair facility, which performed the repair of the turbo, did nothing improper, after all.

33) At that time, Defendants, through Defendant, WIENIK BLEYENBERG, admitted, "See attached pictures, the exhaust turbine wheel has separated causing failure to the turbo. We will replace the turbo under Mb parts warranty. Turbo has been ordered, ETA is Friday am. Parts permitted, we should have the ML ready by Friday afternoon."

34) In addition, despite tangible, physical and documented evidence of the Mercedes-Benz defective turbo, Defendants, through Defendant, WIENIK BLEYENBERG, persisted in blaming Plaintiff for the turbo failure.

35) Notwithstanding Defendants' written admission of its defective turbo, Defendants, through Defendant, WIENIK BLEYENBERG, nevertheless, stated that, because Plaintiff elected to have the repair performed at a certified Mercedes-Benz repair facility, instead of at a Mercedes-Benz dealership, he is, therefore, liable for the damage sustained by the engine.

///

///

LAW OFFICE OF J.D. CUZZOLINA, ESQ.
5753 G Santa Ana Canyon Road, #297 Anaheim Hills, Ca 92807
714.610.9681 | www.jdcuzzolinaesq.com

LAW OFFICE OF J.D. CUZZOLINA, ESQ.
5753 G Santa Ana Canyon Road, #297 Anaheim Hills, Ca 92807
714.610.9681 | www.jdcuzzolinaesq.com

36) In other words, according to Defendants, through Defendant, WIENIK BLEYENBERG, the fact that a repair facility may represent to be "certified" by Defendants does not protect an innocent consumer anymore than if the same repairs were performed at a repair facility, which does not represent itself as being "certified" by Defendants.

37) Thus, according to Defendants, through Defendant, WIENIK BLEYENBERG, Defendants tacitly admitted that it is misleading for Defendants to permit independent automotive repair facilities to hold themselves out as being Mercedes-Benz "Master Technicians."

38) On or about February 25, 2022, Defendant, WIENIK BLEYENBERG, admitted that after repairing and replacing the turbo, there was no longer any "check engine" warning (or any other fault codes).

39) On or about February 25, 2022, Defendant WIENIK BLEYENBERG, admitted that after repairing and replacing the turbo, he or his agent operated the engine of the subject vehicle for a significant period of time, notwithstanding it lacked oil.

40) On or about February 25, 2022, Defendant WIENIK BLEYENBERG, admitted that, notwithstanding this fact, the engine suffered significant and irreversible internal damage as a result of Defendants operation of the engine of the subject vehicle for a significant period of time without sufficient oil.

41) On or about February 25, 2022, Defendant WIENIK BLEYENBERG, admitted that, while the turbo was replaced, the engine suffered significant and irreversible internal damage.

42) Despite the fact that, on or about February 23, 2022, Defendants, through Defendant, WIENIK BLEYENBERG, promised, "Parts permitted, we should have the [subject vehicle] ready by Friday afternoon," Defendants reneged on its express, written promise, as well as its warranty when they discovered that the engine was consequently damaged by the defective turbo.

43) Defendants, through Defendant, WIENIK BLEYENBERG, refused to repair the engine of the subject vehicle, stating that the repair would cost approximately thirty-five thousand dollars ($35,000).

///

44) On or about February 28, 2022, while still in possession of the subject vehicle, Defendants altered the vehicle so that the "check engine" warning was no longer present and was no longer displayed on the dashboard.

45) At that time, at approximately 10:51 A.M., Plaintiff took a photograph of the dashboard to document the absence of the "check engine" warning.

46) Plaintiff does not know what changes were made to the vehicle by Defendants, which caused the absence of the "check engine" warning.

47) Notwithstanding the "check engine" warning was no longer present and was no longer displayed on the dashboard Defendants, through Defendant, WIENIK BLEYENBERG, admitted that the engine suffered significant and irreversible internal damage, as a result of the defective turbo and while in Defendants' possession.

48) On February 21, 2022, February 25, 2022, and February 28, 2022, Plaintiff called Defendant, DEVON THOMPSON, to request assistance from him.

49) However, Defendant, DEVON THOMPSON, refused to speak with him or return Plaintiff's phone calls.

50) The instant lawsuit was filed as a result of the aforementioned.

### FIRST CAUSE OF ACTION

### (Unjust Enrichment)

### ALL DEFENDANTS

51. Plaintiff incorporates by reference paragraphs "1" through "50," as if fully alleged herein.

52. As a result of the conduct described above, Defendants have been and will continue to be unjustly enriched at the expense of Plaintiff. Defendants' unfair and illegal actions, as described herein, have enabled Defendant to sell parts, labor, and diagnostic services, and thereby generate income, by promising a warranty, which Defendants had no intention of honoring; thereby, Defendants were unjustly enriched in an amount to be proven at trial.

53. In addition, Defendants also sell new automotive parts and represent to the general public that such goods and services are of a particular standard, quality, or grade, and that they comply with Federal and State laws when, in fact, they do not.

LAW OFFICE OF J.D. CUZZOLINA, ESQ.
5753 G Santa Ana Canyon Road, #297 Anaheim Hills, Ca 92807
714.610.9681 | www.jdcuzzolinaesq.com

1    54. Defendants should be required to disgorge the unjust enrichment received through these

2    dubious and unfair business practices.

3    <center>SECOND CAUSE OF ACTION</center>

4    <center>(Unlawful, Deceptive and Unfair Business Practices Business and Professions Code 17200</center>

5    <center>& 17500 and the Consumer Legal Remedies Act)</center>

6    <center>ALL DEFENDANTS</center>

7    55. Plaintiff incorporates by reference paragraphs "1" through "54" as if fully alleged herein.

8    56. Defendants sell goods and services within the meaning of California Civil Code 1750 The

9    Consumer Legal Remedies Act, Therefore CC 1750 et seq controls this action.

10   57. Defendants, and each of them, have created and participated in an artifice of unfair and

11   deceptive business practices, therefore California Business and Professions Code 17200 et seq

12   is applicable.

13   58. The dishonesty and negligence of Defendants as alleged herein constitutes unlawful,

14   deceptive and unfair business acts within the meaning of the California Consumer Legal

15   Remedies Act California Civil Code 1750 et seq, and similar statutory enactments such as

16   California Business and Professions Code 17200 & 17500 the unfair competition laws and the

17   false advertisement laws.

18   59. In particular, Defendants' concealment and non-disclosure of the presence of warrantable

19   conditions, warrantable parts, and warranty periods is unfair and deceptive and has the capacity

20   to mislead or deceive consumers and members of the public. This practice has proximately

21   caused injury to Plaintiff and members of the public.  These practices affect plaintiff's business,

22   property, and their health in general.

23   60. Defendants knowingly concealed and failed to disclose material facts with the intent that

24   consumers would rely upon such concealment, misbranding, and non-disclosure.

25   61. Defendants knowingly exacerbated the damages to the subject vehicle by operating it while

26   the engine was starved of oil.

27   62. Defendants knowingly exacerbated the damages to the subject vehicle, which caused the

28   stereo system not to function correctly.

LAW OFFICE OF J.D. CUZZOLINA, ESQ.
5753 G Santa Ana Canyon Road, #297 Anaheim Hills, Ca 92807
714.610.9681 | www.jdcuzzolinaesq.com

<center>-8-</center>

LAW OFFICE OF J.D. CUZZOLINA, ESQ.
5753 G Santa Ana Canyon Road, #297 Anaheim Hills, Ca 92807
714.610.9681 | www.jdcuzzolinaesq.com

63. Defendants' concealment and non-disclosure and other acts described above continue to this day and present a threat to Plaintiff and the public at large. Furthermore, Defendants have failed to acknowledge publicly the wrongdoing or take corrective actions. Defendants' conduct also affects and threatens the public interest in other ways not known but to be proven at trial.

64. Additionally, Defendants' concealment and non-disclosure of statutorily provided warranties constitutes a *per se* violation of the Federal Clean Air Act, 42 U.S.C. 7541, the California Health and Safety Code 43205 et seq, the California Code of Regulations, and the Consumer Legal Remedies Act and all other similar enactments in this state.

65. As a result of Defendants' concealment, misbranding and non-disclosure, Plaintiff and the public have been harmed and without action will continue to be harmed.

66. As provided by the Consumer Legal Remedies Act California Civil Code 1780, Plaintiff and the public are entitled to an injunction against Defendants' misleading and deceptive practices and a declaration that Defendants' actions constitute a violation of the consumer legal remedies act. In addition, Defendant should be required to pay civil penalties, including those provided for under CLRA and other statutes, for every violation. Plaintiff and the public are also entitled to damages sustained as a result of Defendants' unfair and deceptive acts and practices, and other punitive damages to the extent allowed by law, and reimbursements of costs and fees of this suit.

<div align="center">

**THIRD CAUSE OF ACTION**

**(Breach of Contract)**

**ALL DEFENDANTS**

</div>

67. Plaintiff incorporates by reference paragraphs "1" through "66," as if fully alleged herein.

68. Express and implied contracts were created between Defendants and Plaintiff and the general public.

69. By reason of the conduct described above, Defendants have uniformly breached these contracts with Plaintiff and members of the general public by:

    (a) Failing to provide Warranty services on warrantable conditions, and warranted parts, within the warranty periods

<div align="center">

-9-

</div>

(b) Failing to disclose that the automotive parts purchased were not what Defendants represented them to be

(c) failing to act in good faith;

(d) breaching warranties existing because of the contracts; and

(e) such other actions not now known but to be proven at trial.

70. As an actual and proximate result of the aforementioned wrongful conduct and breach committed by Defendants, Plaintiff and members of the general public have suffered and will continue to suffer damages, economic losses, and damage to their health in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Breach of Warranties)

### ALL DEFENDANTS

71. Plaintiff incorporates by reference paragraphs "1" through "70," as if fully alleged herein.

72. Defendants sell goods and service and are "goods" within the meaning of Uniform Commercial Code Article 2, and California Civil Code 1750.

73. Defendants' conduct as described herein constitutes breach of implied and express warranty; in particular, each and every failure of Defendants to properly disclose the existence of these warranties.

74. Defendants' conduct as described herein constitutes breach of an implied warranty of merchantability. Particularly, Defendants' goods and services were not merchantable at the time of sale due to Defendants' misbranding, concealment and non-disclosure.

75. Defendants' conduct as described herein constitutes breach of an implied warranty of fitness for a particular purpose. In particular, many consumers purchase vehicles and parts and services from defendants because there is a common understanding that these goods have these specific qualities and are, therefore, a value to the consumer. Defendants specifically promote this common understanding. The products and services sold by Defendants were not fit for that particular purpose because such products do not comply with federal and state laws; unbeknownst to consumers, these goods do not comply with code.

LAW OFFICE OF J.D. CUZZOLINA, ESQ.
5753 G Santa Ana Canyon Road, #297 Anaheim Hills, Ca 92807
714.610.9681 | www.jdcuzzolinaesq.com

76. As an actual and proximate result of the aforementioned wrongful conduct and breach, Plaintiff and members of the general public have suffered and will continue to suffer damages and economic loss in an amount to be proven at trial. Defendants have had actual and constructive notice of such damages.

## FIFTH CAUSE OF ACTION

### (Negligent Misrepresentation)

### ALL DEFENDANTS

77. Plaintiff incorporates by reference paragraphs "1" through "76," as if fully alleged herein.

78. Defendants negligently and recklessly misrepresent and conceal, from consumers, the existence of these warranties provided by law.

79. These representations were negligently and recklessly made to customers, potential customers, and the general public through uniform misbranding, concealment and non-disclosure, and through service and sales advisors at the point of sale.  As a direct and proximate result of these misrepresentations, omissions and concealments, Plaintiff and members of the general public have been damaged in an amount to be proven at trial.

80. Defendants at all times knew that Plaintiff and members of the general public relied upon the special knowledge statements provided by Defendants, and the materiality of such misstatements is established as a matter of State and Federal law. Defendants' concealment, misbranding and non-disclosure were intended to, and do/did, influence consumers' purchasing decisions and were done with reckless disregard for the rights of consumers.

## SIXTH CAUSE OF ACTION

### (Declaratory and Injunctive Relief)

### ALL DEFENDANTS

81. Plaintiff incorporates by reference paragraphs "1" through "80," as if fully alleged herein.

82. Plaintiff and members of the general public are entitled to declaratory relief establishing that Defendants are engaging in unfair and deceptive practices, and that their conduct constitutes negligent misrepresentation and concealment, breach of contract and warranty, and that Defendants were thereby unjustly enriched.

LAW OFFICE OF J.D. CUZZOLINA, ESQ.
5753 G Santa Ana Canyon Road, #297 Anaheim Hills, Ca 92807
714.610.9681 | www.jdcuzzolinaesq.com

1    83. Plaintiff and members of the general public are entitled to an injunction Pursuant to

2    California Civil Code §1780. Plaintiff, on behalf of the general public, seek a temporary,

3    preliminary and/or permanent order from this Court prohibiting Defendants from continuing to

4    engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this

5    Complaint and from failing to fully disclose the true facts as set forth herein, and or ordering

6    Defendants or their representatives to stop misleading the public and engage in a corrective

7    campaign, as well as provide appropriate monetary relief as the court deems just and

8    appropriate to all persons.

9    84. This court should issue an order forcing Defendants to permanently halt their for-profit

10   misbranding, concealment and non-disclosure, and remedy such past acts with new disclosures

11   and other measures.

## SEVENTH CAUSE OF ACTION

### (Fraud)

### ALL DEFENDANTS

15   85. Plaintiff incorporates by reference paragraphs "1" through "84," as if fully alleged herein.

16   86. Defendants made a material misrepresentation of a presently existing or past fact when they

17   promised Plaintiff that, pursuant to the warranty, they would provide complete automotive

18   protection for the subject vehicle, in the event it was damaged as a result of a defective

19   Mercedes-Benz part.

20   87. Defendants made a material misrepresentation of a presently existing or past fact when they

21   promised Plaintiff (and others similarly situated) that they would comply with the terms of the

22   Class Action Settlement Agreement.

23   88. By blaming Plaintiff for hiring an independent repair facility, instead of hiring a Mercedes-

24   Benz dealership to perform the repairs, Defendants, through Defendant, WIENIK

25   BLEYENBERG, tacitly admitted that it is misleading for Defendants to permit independent

26   automotive repair facilities to hold themselves out as being Mercedes-Benz "Master

27   Technicians."

28   ///

LAW OFFICE OF J.D. CUZZOLINA, ESQ.
5753 G Santa Ana Canyon Road, #297 Anaheim Hills, Ca 92807
714.610.9681 | www.jdcuzzolinaesq.com

-12-

LAW OFFICE OF J.D. CUZZOLINA, ESQ.
5753 G Santa Ana Canyon Road, #297 Anaheim Hills, Ca 92807
714.610.9681 | www.jdcuzzolinaesq.com

89. Thus, Defendants made a material misrepresentation of a presently existing or past fact when they led the general public to believe that they were not, in fact, required to hire the Mercedes-Benz dealership to perform repairs on their vehicles, contrary to the assertions made by Defendants, through Defendant, WIENIK BLEYENBERG.

90. Defendants knew or believed that they would not perform their obligations under the warranty at the time they made such promises to Plaintiff, which constitutes Fraud.

91. Defendants intended for Plaintiff to rely on their material misrepresentations.

92. Plaintiff, thereby, relied upon Defendants' material misrepresentations.

93. As a direct and proximate result of the repeated and ongoing fraudulent acts of Defendants alleged herein, Plaintiff has been injured by those acts engaged in and threats heretofore by Defendants. Consequently, Plaintiff has lost the ability to continue in business now and hereafter.

**Wherefore, Plaintiff prays for judgment against Defendants, and each of them, as follows:**

1) For judgment against Defendants, in the amount of $63,604.79 (*i.e.*, $14,604.79 (purchase price of vehicle) + $10,000 (previous repairs made within past six months) + $35,000 (repair of engine) + $2,000 (car rental fees) + $2,000 (hotel fees).

2) For pre-judgment interest;

3) For attorney's fees;

4) Punitive Damages;

5) For costs incurred bringing this action.

Respectfully submitted,
THE LAW OFFICE OF J.D. CUZZOLINA, ESQ.

Dated: March 2, 2022                    By: /s/ J.D. Cuzzolina
                                        J.D. Cuzzolina, Esq.
                                        Attorneys for
                                        Plaintiff, JOSEPH RAKOFSKY

CI-127

# Alternative Dispute Resolution

## (INFORMATION PACKET)

OPTIONS FOR RESOLVING YOUR DISPUTE

## There Are Alternatives to Going to Trial

Did you know that 95 percent of all civil cases filed in court are resolved without going to trial?  Many people use processes other than trial to resolve their disputes.  These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach an agreement.

## Advantages of ADR

Here are some potential advantages of using ADR:

**Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

*   **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.

*   **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome.  In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial.  Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial.  Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

*   **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute.  For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side.  This can be an important advantage where the parties have a relationship to preserve.

*   **Increase Satisfaction:** In a trial, there is typically a winner and a loser.  The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome.  ADR can help the parties find win-win solutions and achieve their real goals.  This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

*   **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants.  Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

## What Are the ADR Options?

The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

## Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute.  The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves.  Mediation leaves control of the outcome with the parties.  The Monterey County Superior Court offers a Court-Directed Mediation Program.

Form Approved for Mandatory Use
CI-127 Rev. September, 2013

**ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKET**
(Civil)

Monterey County Superior Court
Page 1 of 2

CI-127

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

## Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

## Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

## Settlement Conference

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

Form Approved for Mandatory Use
CI-127 Rev. September, 2013

**ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKET**
(Civil)

Monterey County Superior Court
Page 2 of 2