UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH RAKOFSKY,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC, et al.,<br><br>    Defendants. | Case No.   22-cv-04427-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: ECF Nos. 51, 52 |

Before the Court are two motions to dismiss Plaintiff Joseph Rakofsky's First Amended Complaint ("FAC," ECF No. 50). Euromotors Monterey, Inc., dba Mercedes-Benz of Monterey[1], Wienik Bleyenberg, and Devon Thomson's Motion to Dismiss (the "Dealership Defendants"), ECF No. 51; Mercedes-Benz USA, LLC ("MBUSA")'s[2] Motion to Dismiss, ECF No. 52.

After carefully reviewing the documents, the Court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Court GRANTS the Motions to Dismiss.

I. BACKGROUND

    A.    Factual Allegations

The Court provided a detailed description of the factual allegations in its prior order granting MBUSA's motion for judgment on the pleadings. *See* ECF No. 49 ("MJOP Order"). The Court will repeat the factual allegations only at a high level. Plaintiff alleges that he owned a

---

[1] Euromotors Monterey states that it was erroneously sued as Mercedes Benz of Monterey.
[2] MBUSA also submitted a request for judicial notice ("RJN") in support of its motion to dismiss. ECF No. 53. Because the Court grants MBUSA's motion to dismiss without relying on the materials in the RJN, the Court will DENY AS MOOT MBUSA's RJN.

Case No.: 22-cv-04427-EJD
ORDER GRANTING MOTION TO DISMISS

1

2011 Mercedes-Bens ML350 BlueTEC (the "Subject Vehicle") that required repair due to a broken turbo. In January 2022, Plaintiff paid a Mercedes-Benz repair facility in Florida to install a new turbo manufactured and sold by Mercedes-Benz. The brand-new turbo came with a warranty. Plaintiff thereafter drove the Subject Vehicle to California where it became inoperable about a month later, on February 7, 2022. That day, the Subject Vehicle was towed to and diagnosed by a California certified Mercedes-Benz repair facility, which is operated and owned by a Mercedes-Benz "Master Technician." Plaintiff alleges that at the time the Subject Vehicle was towed to the repair facility, no "check engine" or other warnings were present. The repair facility in California, through the "Master Technician," determined that the reason the vehicle became inoperable was because the turbo was broken.

Two days later, the Subject Vehicle remained inoperable and was towed to Defendant Mercedes-Benz of Monterey. When the Subject Vehicle arrived at Mercedes-Benz of Monterey, the "check engine" warning was present on the dashboard. That same day, Plaintiff advised Mercedes-Benz of Monterey that (1) the turbo was only purchased approximately a month prior and carried with it a full warranty, and (2) Defendants were responsible for replacing parts "pursuant to the Settlement Agreement" in "a previous Class Action lawsuit." FAC ¶ 23. Plaintiff also told Monterey MB, through the "Master Technician," that the broken turbo "constituted consequential damages, which flowed from the fundamental problem, which was the subject matter of the [] Class Action lawsuit." *Id.* ¶ 24. Plaintiff alleges that Defendants "rejected this information" and expressly refused to perform any repairs until "the automotive parts required in order to repair the Class-Action repairs arrived first." *Id.* ¶¶ 25–26.

Plaintiff alleges that Defendants blamed him and the Florida repair facility for the damage the Subject Vehicle sustained on February 7, 2022. *Id.* ¶ 29. Defendant Bleyenberg allegedly admitted on February 23, 2022, that the turbo purchased and installed by the Florida repair facility "did nothing improper" and agreed to replace the turbo "under [Mercedes-Bens] parts warranty." *Id.* ¶¶ 32–34. Notwithstanding this, Bleyenberg told Plaintiff that Plaintiff would be liable for the damage because he elected to have the repair performed at the Florida repair facility, a certified

Case No.: 22-cv-04427-EJD
ORDER GRANTING MOTION TO DISMISS
2

Mercedes-Benz facility, instead of at a Mercedes-Benz dealership. *Id.* ¶¶ 35–36. Bleyenberg also told Plaintiff on February 25, 2022, that he operated the engine despite it lacking oil and as a result, the engine suffered damage while the turbo was being replaced. *Id.* ¶¶ 44–46. Defendants, through Mr. Bleyenberg, refused to repair the damaged engine, and told Plaintiff the repair would cost approximately $35,000. *Id.* ¶ 48.

### B. Procedural History

Plaintiff initiated this lawsuit on March 2, 2022, in the Monterey County Superior Court. *See generally* Compl. Plaintiff brought claims against all Defendants for (1) unjust enrichment, (2) unfair business practices in violation of California's Business and Professions Code §17200, (3) breach of contract, (4) breach of warranties, (5) negligent misrepresentation, (6) declaratory and injunctive relief, and (7) fraud. *Id.* at 7–12. Plaintiff seeks relief in the amount of $14,604.79 (the purchase price of the Subject Vehicle), $10,000 (cost of previous repairs made within the past six months from filing the Complaint), $35,000 (cost of the repair of the engine), $2,000 (car rental fees), and $2,000 (hotel fees). Plaintiff also requests attorneys' fees, costs, and punitive damages.

Defendant MBUSA removed the action to this Court on July 29, 2022 and answered the Complaint on August 10, 2022. Notice of Removal, ECF No. 1; Answer to Complaint, ECF No. 12. On June 15, 2023, MBUSA filed a motion for judgment on the pleadings. After the Court granted the motion with leave to amend (ECF No. 49 ("MJOP Order")), Plaintiff filed an amended complaint. After close review of the original and amended complaint, the Court observes only the following handful of changes from the original complaint[3]:

- Plaintiff made an apparent effort to separate the Defendants' actions rather than lump together all Defendants. *See, e.g.*, FAC ¶¶ 11, 23, 25–26;
- Plaintiff attached an "Invoice" for services in support of his breach of contract claim. *Id.* ¶ 68, Ex. A.
- On February 22, 2022, Bleyenberg stated "If turbo damage is due to a warrantable

---

[3] Plaintiff did not comply with Section III of this Court's Standing Order, which requires parties to attach a redline document to an amended complaint showing changes made to the previously filed complaint.

Case No.: 22-cv-04427-EJD
ORDER GRANTING MOTION TO DISMISS

defect, teardown estimate will be covered under warranty." *Id.* ¶ 30;
- On February 25, 2022, Bleyenberg asked the Florida Mercedes-Benz repair facility, "May we have a copy of the repair invoice when the turbo was replaced? We need to submit that to MD warranty together with the turbo purchase receipt." And the Mercedes-Benz facility in Florida provided the requested documentation. *Id.* ¶¶ 39–40;
- Upon receipt of the documents, Defendants MBUSA, Daimler Aktiengesellschaft, Euromotors, Bleyenberg, and Thompson recognized that "turbo damage [was] due to a warrantable defect," and Defendants "recognized that Plaintiff was duly entitled to the protections provided under Defendants['] [] warranty." *Id.* ¶¶ 41–42;
- Defendants "constitute an 'enterprise,' which cooperated together to commit unlawful acts, which were intentional and were done for the purpose of committing a fraud upon Plaintiff and others similarly situated." *Id.* ¶ 58;
- Defendants knowingly concealed and failed to disclose material facts "that they refuse to honor their warranties for their automative parts, including, but not limited to defective turbos." *Id.* ¶ 61;
- Defendants "admitted, in writing, that Plaintiff is entitled to the protections covered under Defendants' [] warranty." *Id.* ¶ 73; and
- Defendants "concealed that they refuse to honor their warranties for their automotive parts, including, but not limited to defective turbos, with the intent that consumers would rely upon such concealment of their unlawful business practices, misbranding, and non-disclosure." *Id.* ¶ 87.

The present Motions followed.

## II. LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While plaintiffs must allege "more than a sheer possibility that a defendant has acted unlawfully," the plausibility standard "is not akin to a probability requirement." *Id.*

For purposes of ruling on a Rule 12(b)(6) motion, the Court generally "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.

Case No.: 22-cv-04427-EJD
ORDER GRANTING MOTION TO DISMISS
4

2008). The Court need not, however, "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). The Court may also "look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 (9th Cir. 1995).

## III. DISCUSSION

Both the Dealership Defendants and MBUSA move to dismiss the amended complaint for failure to state a claim. The Court initially declines to dismiss the amended complaint as "barred by the *Emissions* settlement." MBUSA Mot. 6. MBUSA raised this argument in its prior motion for judgment on the pleadings, and the Court rejected it for reasons outlined in the MJOP Order. Nothing in MBUSA's present motion—which simply repeats arguments previously before the Court—or the amended complaint changes that conclusion.

### A. First Cause of Action (Unjust Enrichment)

In its MJOP Order, the Court dismissed Plaintiff's unjust enrichment claim because it was unclear from the complaint what benefit Plaintiff contended Defendants received at the expense of Plaintiff. *See* MJOP Order 9. Plaintiff has not clarified his theory of unjust enrichment, let alone amended or added new allegations supporting his unjust enrichment claim.

Having failed to address the defects identified in the Court's prior order, Plaintiff's unjust enrichment claim is DISMISSED.

### B. Second Cause of Action (Violation of UCL)

The Court previously dismissed Plaintiff's UCL claim with leave to amend, finding that Plaintiff failed to state a claim under any of the three prongs. In the amended complaint, Plaintiff newly alleges that Defendants "constitute an 'enterprise,' which cooperated together to commit unlawful acts, which were intentional and were done for the purpose of committing a fraud upon Plaintiff and others similarly situated." FAC ¶ 58. Beyond confirming that Plaintiff's UCL claim

is again grounded in fraud and must satisfy Rule 9's heightened pleading standard, this new allegation does not cure the defects previously identified. Plaintiff still has not provided sufficient factual support to plausibly plead a violation of the UCL under any of the three prongs. For example, Plaintiff did not include additional factual allegations regarding how Defendants' conduct was purportedly unlawful under the Consumer Legal Remedies Act, the Federal Clean Air Act, or the California Health and Safety Code. Nor can the Court infer based on the factual allegations that any consequential damages to the Subject Vehicle caused by Bleyenberg in allegedly operating it without oil satisfies the unfair prong of the UCL. Finally, as to the fraudulent prong, the Court noted that Plaintiff provided no factual support regarding what was concealed or not disclosed, how this misled Plaintiff, how this deceived the public, or how these practices "affect plaintiff's business, property, and their health in general." MJOP Order 11 (quoting Compl. ¶ 59). While Plaintiff did clarify what was allegedly concealed ("that they refuse to honor their warranties for their automotive parts, including, but not limited to defective turbos"), Plaintiff's UCL claim under the fraudulent prong still falls short. FAC ¶ 61. Earlier in the amended complaint, Plaintiff alleges that Bleyenberg disclosed "if turbo damage is due to a warrantable defect, teardown estimate will be covered under warranty." *Id.* ¶ 30. Plaintiff's theory for relief under the fraudulent prong of the UCL—that Defendants knowingly concealed that they refuse to honor their warranties—is thus contradicted by earlier allegations that Defendant told Plaintiff that turbo damage *would* be covered under warranty. And even if Defendants mistakenly believed the damage might be, or would be, covered by warranty, such conduct does not rise to the level of fraud. Though Plaintiff may have legitimate frustrations regarding what was disclosed to him about the scope of a warranty, he has not stated a plausible claim for violation of the UCL.

Plaintiff's UCL claim is DISMISSED.

### C. Third Cause of Action (Breach of Contract)

The Court dismissed Plaintiff's breach of contract claim because Plaintiff failed to sufficiently plead the existence of a contract between Plaintiff and any Defendant. MJOP Order

Case No.: 22-cv-04427-EJD
ORDER GRANTING MOTION TO DISMISS

6

1  12. Plaintiff has since attached one document to the amended complaint: an "Invoice" in support

2  of his breach of contract claim. *See* FAC ¶ 68, Ex. A.[4] The invoice appears from be from non-

3  party "Benz Connection of Naples," and no named Defendant is identified on the invoice. With

4  zero context regarding this invoice, including how "Benz Connection of Naples" is involved or

5  how Defendants could be bound by an invoice issued by Benz Connection of Naples, Plaintiff has

6  again failed to plausibly allege at least the first element of a breach of contract claim—the

7  existence of a contract. *See Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011)

8  (breach of contract claim requires pleading "the existence of the contract.")

9  Plaintiff's breach of contract claim is DISMISSED.

### D.   Fourth Cause of Action (Breach of Warranties)

In dismissing Plaintiff's express warranty claim, the Court explained that Plaintiff has not identified "a specific and unequivocal written statement" constituting an explicit guarantee about the Subject Vehicle, the turbo Plaintiff purchased, or any services performed. MJOP Order 13 (quoting *Yastrab v. Apple Inc.*, 173 F. Supp. 3d 972, 982 (N.D. Cal. 2016)). Plaintiff's amended complaint alleges that Defendants MBUSA, Daimler Aktiengesellschaf, Euromotors, Bleyenberg, and Thompson all "admitted, in writing, that Plaintiff is entitled to the protections covered under Defendants' [] warranty." FAC ¶ 73. This conclusory statement that five defendants each allegedly admitted in writing that Plaintiff is protected under Defendants' "warranty" does not cure the deficiencies identified by the Court. Plaintiff also now alleges that the same Defendants "recognized that 'turbo damage [was] due to a warrantable defect'" after receiving a copy of the invoice identifying when the turbo was replaced. FAC ¶¶ 40–42. Still, the allegations remain "insufficient to establish the contours of a warranty with the requisite level of clarity." *See Yastrab*, 173 F. Supp. 3d at 982. Plaintiff fails to allege any facts from which the Court can plausibly infer that any warranty applied to the Subject Vehicle, including any information

---

[4] The Court observes that Plaintiff has only attached an "Exhibit A" to the amended complaint, which appears to be an invoice for work completed on November 29, 2021, although he references a separate "Receipt" and an "Exhibit B."

Case No.: 22-cv-04427-EJD
ORDER GRANTING MOTION TO DISMISS
7

1  regarding what vehicle or damage is covered, the length of the warranty, or any other terms of the
2  purported warranty. Conclusory allegations that (1) a warranty exists, and (2) Defendants
3  breached it do not state a cognizable claim for breach of express warranty.
4        As to the implied warranty claim, the Court concluded that Plaintiff's reference to
5  "Defendants' conduct" broadly and fails to include the requisite specificity regarding which
6  "vehicles and parts and services" he is referring to. MJOP Order 14. Plaintiff alleged no new
7  facts regarding his implied warranty claim, and the Court therefore DISMISSES Plaintiff's breach
8  of warranties claim.

### E. Fifth Cause of Action (Negligent Misrepresentation)

As with the original complaint, Plaintiff alleges in his amended complaint that "Defendants" misrepresented "these warranties." FAC ¶ 78. But as explained above, Plaintiff has failed to adequately allege the existence of any warranty. *See supra* Section III(D). Having relied on the warranties as the "material fact" that was allegedly misrepresented, Plaintiff has, again, not adequately pled the first element of his negligent misrepresentation cause of action. *See* MJOP Order 15 (dismissing the negligent misrepresentation claim for the same reason).[5] Separate from the sparse new allegations above regarding the warranties, Plaintiff alleges no new facts in support of his negligent misrepresentation claim.

Accordingly, Plaintiff's negligent misrepresentation claim is DISMISSED.

### F. Sixth Cause of Action (Declaratory and Injunctive Relief)

The Court previously dismissed Plaintiff's request for declaratory and injunctive relief because Plaintiff failed to state a claim as to its other causes of action. For the same reasons, Plaintiff cannot sustain its sixth cause of action for declaratory and injunctive relief in the Amended Complaint. *See Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010) (affirming dismissal of declaratory relief claims where dismissal of underlying claims also affirmed).

---

[5] The Court also identified several other deficiencies with Plaintiff's negligent misrepresentation claim that Plaintiff did not remedy in the amended complaint. *See* MJOP Order 15–16.

Case No.: 22-cv-04427-EJD
ORDER GRANTING MOTION TO DISMISS
8

Accordingly, the Court DISMISSES Plaintiff's sixth cause of action.

### G.   Seventh Cause of Action (Fraud)

The Court previously dismissed Plaintiff's fraud claim for failing to sufficiently identify at least the "who" of the "who, what, when, where, and how of the misconduct charged." MJOP Order 17 (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)). Plaintiff purported to cure this defect by spelling out each defendant by name. *See* FAC ¶¶ 86–92. But whether referred to as "Defendants" or "MERCEDES-BENZ USA, LLC, DAIMLER AKTIENGESELLSCHAFT, MERCEDES-BENZ OF MONTEREY, WIENIK BLEYENBERG and DEVON THOMPSON," the same issue persists: Plaintiff has not plead with particularity *which* defendant is alleged to have done *what* conduct and *when*.

Having failed to address the defects identified in the Court's prior order, Plaintiff's fraud claim is DISMISSED.

### H.   Whether Leave to Amend Should Be Granted

Beyond reciting the general rule that "[d]ismissal without leave to amend is only appropriate when the deficiencies in the complaint could not [] be cured by amendment," (Opp. (citing *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003)), Plaintiff did not request leave to amend. In light of the Court's clear guidance in its prior order dismissing the complaint, and Plaintiff's failure to address those deficiencies, the Court finds it would be futile to allow Plaintiff another opportunity to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) ("A district court does not err in denying leave to amend where the amendment would be futile.").

## IV.   CONCLUSION

For the foregoing reasons, the Motions to Dismiss are GRANTED. Plaintiff's amended complaint is DISMISSED WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: January 21, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 22-cv-04427-EJD
ORDER GRANTING MOTION TO DISMISS
9